IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JIRRON DEMON CURTIS,            §
                               §
        *Petitioner*,          §
                               §
v.                             §        CIVIL ACTION NO. H-06-4042
                               §
RICK THALER,                   §
                               §
        *Respondent.*          §

## MEMORANDUM OPINION AND ORDER

Petitioner Jirron Demon Curtis, a state inmate proceeding *pro se*, filed this habeas proceeding under 28 U.S.C. § 2254 challenging his state court conviction. Respondent filed a motion for summary judgment (Docket Entry No. 12), to which petitioner responded (Docket Entry No. 32).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this case for the reasons that follow.

### *Procedural Background*

Petitioner was convicted of aggravated robbery in Harris County, Texas, and sentenced to sixty-five years incarceration. The conviction was affirmed on appeal. *Curtis v. State*, No. 01-03-00687-CR (Tex. App. – Houston [1st Dist.] 2004, pet. ref'd) (not

designated for publication).  The Texas Court of Criminal Appeals refused discretionary review and denied state habeas relief.  *Ex parte Curtis*, Application No. 65,333-01.

Petitioner raises the following grounds for federal habeas relief in the instant petition:

(1)     denial of counsel at his line-up;

(2)     ineffective assistance of trial counsel;

(3)     a *Brady* violation;

(4)     an unduly suggestive identification procedure; and

(5)     ineffective assistance of appellate counsel.

Respondent argues that these grounds are without merit and/or are procedurally barred and that the petition should be dismissed.

### *Factual Background*

The state appellate court set forth the following statement of facts in its opinion:

On Friday, May 24, 2002, three men, armed with pistols and stun guns, entered Goodman's Air Conditioning and proceeded to rob the individuals inside the store and to steal money from the store's registers.  A fourth man waited in a get-away van.  The victims were made to lie face down on the floor, and the robbers held guns to or pointed them at the victims' heads, shocked them with the stun guns, and, in one case, caused a victim's head to bleed.  One of the robbers – later identified as appellant – saw a victim, Robert Reynolds, throw an envelope containing a large sum of cash under a vending machine.  Appellant then received a call on the cell phone that he was carrying, after which the robbers decided to leave.  As the robbers were leaving, appellant stooped to grab Reynolds's cash from under the vending machine.  When appellant did so, however, his cell phone dropped out of his pocket.  Reynolds retrieved the phone.

Based on reports of calls to and from the cell phone, the police eventually located a suspect, who was appellant. The State presented evidence from some of the victims that appellant was one of the robbers. In contrast, appellant offered evidence supporting an alibi.

*Curtis*, at *1.

### The Applicable Legal Standards

This petition is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Under the AEDPA, federal habeas relief cannot be granted on legal issues adjudicated on the merits in state court unless the state adjudication of the claim was contrary to clearly established federal law as determined by the Supreme Court, or involved an unreasonable application of clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000); 28 U.S.C. §§ 2254(d)(1), (2). A state court decision is contrary to federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court or if it confronts a set of facts that are materially indistinguishable from a Supreme Court decision and arrives at a result different from the Supreme Court's precedent. *Early v. Packer*, 537 U.S. 3, 7-8 (2002).

A state court unreasonably applies Supreme Court precedent if it unreasonably applies the correct legal rule to the facts of a particular case, or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply, or unreasonably refuses to extend that principle to a new context where it should apply.

*Williams*, 529 U.S. at 409. In deciding whether a state court's application was unreasonable, this Court considers whether the application was objectively unreasonable. *Id*. at 411.

The AEDPA affords deference to a state court's resolution of factual issues. Under 28 U.S.C. § 2254(d)(2), a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless it is objectively unreasonable in light of the evidence presented in the state court proceedings. *Miller-El v. Cockrell*, 537 U.S. 322, 343 (2003). A federal habeas court must presume the underlying factual determination of the state court to be correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. *Miller-El*, 537 U.S. at 330-31; 28 U.S.C. § 2254(e)(1).

### *Denial of Counsel at the Line-Up*

Petitioner complains that he was denied counsel at his pretrial line-up. In rejecting habeas relief on this claim, the trial court found as follows:

> 1.   Since the lineup was conducted during a non-critical stage, prior to Applicant being charged or indicted for the aggravated robbery offense in [this case], the Applicant fails to show that he was improperly denied his request for counsel during the lineup[.]

*Ex parte Curtis*, p. 228 (citations omitted). The Texas Court of Criminal Appeals relied on this finding in denying habeas relief.

Petitioner shows no constitutional violation. It is well settled that no Sixth Amendment right to counsel arises regarding a line-up undertaken prior to arraignment,

indictment, or formal charge.  *Kirby v. Illinois*, 406 U.S. 682, 688-91 (1972); *McGee v. Estelle*, 625 F.2d 1206, 1208-09 (5th Cir. 1980).  Accordingly, petitioner is afforded no benefit by his reliance on *United States v. Wade*, 388 U.S. 218, 220-21 (1967) ("The question here is whether courtroom identifications of an accused at trial are to be excluded from evidence because the accused was exhibited to the witnesses before trial at a post-indictment lineup conducted for identification purposes without notice to and in the absence of the accused's appointed counsel.").

Moreover, the right to counsel is offense specific.  *Cobb v. Texas*, 532 U.S. 162, 167-68 (2001).  Even if this Court were to accept petitioner's assertion that he was under arrest on other charges at the time of the line-up, it does not change the fact that he had not been charged or indicted in the instant case at the time.

The state court denied habeas relief under this issue.  Petitioner fails to show that the state court's determination is in conflict with established federal law or is objectively unreasonable, and fails to rebut the presumption of factual correctness with clear and convincing evidence.  *See Miller-El*, 537 U.S. at 330-31, 343; 28 U.S.C. §§ 2254(d)(1), (2), (e)(1).  No grounds for habeas relief are shown, and respondent is entitled to summary judgment dismissing this issue.

### Ineffective Assistance of Trial Counsel

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel.  A federal habeas petitioner's claim

that he was denied effective assistance of counsel is measured by the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To assert a successful ineffectiveness claim, a petitioner must establish both constitutionally deficient performance by counsel and actual prejudice as a result of such deficient performance. *Id.* at 687. The failure to demonstrate either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

A counsel's performance is deficient if it falls below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688. In determining whether counsel's performance was deficient, judicial scrutiny must be highly deferential, with a strong presumption in favor of finding that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy. *West v. Johnson*, 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). However, a mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Strickland,* 466 U.S. at 691.

Actual prejudice from a deficiency is shown if there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. *Id.* at 694. To determine prejudice, the question focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair.

6

*Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).  In that regard, unreliability or unfairness does not result if the ineffectiveness does not deprive the petitioner of any substantive or procedural right to which he is entitled.  *Id.*

Petitioner asserts that trial counsel was ineffective at the guilt-innocence phase of trial in the following instances:  (a) failing to investigate adequately his alibi defense or present a misidentification defense; (b) failing to explain a plea offer; (c) failing to suppress the unduly suggestive line-up; (d) failing to object to a motion in limine violation; (e) failing to discover the actual owner of the recovered cell phone; (f) failing to object to testimony linking him to "Jyro Jackson"; (g) denying him his right to testify at trial; (h) failing to invoke the rule of witnesses; (i) failing to object to repeated hearsay testimony; and (j) failing to correct factually-incorrect testimony.  He further asserts that trial counsel was ineffective at the punishment phase of trial in (k) failing to object to extraneous offense and "bogus" evidence during punishment; and (l) failing to object to sexual assault hearsay testimony. Each instance is discussed separately, below.

A.     Alibi and Misidentification Defenses

Petitioner claims that trial counsel failed to conduct any pretrial investigation into his alibi defense, and failed to present a misidentification defense.  He claims that Larry Williams, Christopher Williams, Roland Williams, and his own common-law wife would have testified that petitioner was at work during the robbery.  He further claims that he was misidentified as the robber, and that counsel did nothing to counter that misidentification.

7

In response to this claim, trial counsel submitted an affidavit to the state court on collateral review, in which he testified as follows:

> I did conduct interviews with the witnesses, his co-workers, that [petitioner] asked me to contact. I spoke with Chris Williams, Larry Williams, and Roland Williams. Roland was the least forthcoming of the three and I decided not to subpoena him. I spoke at some length with Chris and Larry Williams about [petitioner] and what they remembered of the day of the offense. They did not specifically recall that day, but were able to explain [petitioner's] job description and how it affected theirs. I called both Chris and Larry Williams as alibi witnesses at trial. I don't remember ever speaking to [petitioner's] common law wife, nor do I remember his ever asking me to or telling me that she had any information about the case. [Petitioner] did not ask me to present her testimony at any stage of the trial.
>
> *   *   *   *
>
> I discussed the misidentification issue during my opening arguments with the jury, cross-examined the complainants at length on the issue and argued misidentification in closing. [Petitioner's] primary defense was alibi, but it was buttressed by the misidentification defense. I cross-examined [Detective] Wright and the complainants as well on the misidentification.

*Ex parte Curtis*, p. 223. In rejecting petitioner's state habeas claims of ineffective assistance of counsel, the trial court found that the facts asserted in trial counsel's affidavit were true and that the totality of the representation afforded petitioner was sufficient to protect his right to reasonably effective assistance of trial counsel. *Ex parte Curtis*, p. 228. The Texas Court of Criminal Appeals relied on this finding in denying habeas relief.

In his petition and response to the motion for summary judgment, petitioner sets forth nothing more than his own conclusory assertions that trial counsel failed to pursue the two defenses. His conclusory claims are unsupported by probative evidence, are rebutted by the

record itself, and are insufficient to raise a genuine issue of material fact precluding summary judgment.

The state court denied habeas relief on this issue. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland*, or that it was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment.

B.     Plea Offer

Petitioner complains that trial counsel failed to explain and advise him prior to trial as to the State's proposed plea offer. Although petitioner baldly claims that "the record supports this assertion," he directs this Court to Volume 1, pages 3 and 4 of the Reporter's Record, which is a portion of the Master Index containing nothing of any evidentiary or testimonial nature. (Docket Entry No. 1-4, p. 23.)

In contravention of petitioner's unsupported claim, trial counsel testified in his affidavit as follows:

> During the course of my representation of [petitioner], the State made several plea bargain offers. The first was 40 years TDC. The last was 15 years TDC in each of seven cases, or 25 years TDC on Aggravated Robbery, Sexual Assault and Burglary of a Habitation, and dismissal of the remaining cases. I discussed each offer with [petitioner] and he understood the consequences of any plea. He never told me that he did not understand the offers and was able to state the offer for the record at trial. [Petitioner] rejected all plea bargain offers.

*Ex parte Curtis*, p. 223.  In rejecting petitioner's state habeas claims of ineffective assistance of counsel, the trial court found that the facts asserted in trial counsel's affidavit were true and that the totality of the representation afforded petitioner was sufficient to protect his right to reasonably effective assistance of trial counsel.  *Ex parte Curtis*, p. 228.  The Texas Court of Criminal Appeals relied on this finding in denying habeas relief.

Petitioner again fails to set forth any probative summary judgment evidence in support of his argument.  His conclusory allegations are insufficient to raise a genuine issue of material fact precluding summary judgment.

The state court denied habeas relief on this issue.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland*, or that it was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment.

C.    Line-up

Petitioner next complains that trial counsel failed to file a pretrial motion to suppress the line-up based on the denial of his right to have counsel present at the line-up and that the line-up was unduly suggestive.

This Court has already determined under petitioner's first habeas ground that he was not entitled to counsel at the pretrial line-up; accordingly, trial counsel was not deficient in failing to move to suppress the line-up under such argument.  *See Koch v. Puckett*, 907 F.2d

10

524, 527 (5th Cir. 1990) (holding that counsel is not ineffective in failing to raise futile or

meritless objections).

Nor does petitioner meet his burden of proving that counsel was ineffective in failing

suppress the unduly suggestive line-up.  In contravention of petitioner's unsupported and

conclusory allegations of an unduly suggestive line-up, trial counsel testified in his affidavit

as follows:

> I had the opportunity to view the video and photo line-ups and, in my view,
> there were no grounds to contest them.  They appeared to have been put
> together with forethought and were within the limits of any suggestibility.
> [Petitioner] was in custody on other charges at the time the lineups were
> conducted and did not have a right to counsel at that time on the Aggravated
> Robbery.  In fact, the first lineup was beneficial to the defense of the case as
> one of the complainants positively identified someone other than [petitioner].

*Ex parte Curtis*, p. 223.

In rejecting petitioner's state habeas claims of ineffective assistance of counsel, the

trial court found that the facts asserted in trial counsel's affidavit were true and that:

> 4.    Trial counsel . . . made the decision not to challenge the pre-trial
> identification procedure because he did not believe it was
> impermissibly suggestive[.]
>
> 5.    The totality of the representation afforded Applicant was sufficient to
> protect his right to reasonably effective assistance of counsel in trial
> and on direct appeal[.]

*Ex parte Curtis*, p. 228.  The Texas Court of Criminal Appeals relied on these findings in

denying habeas relief.

The state court denied habeas relief on this issue.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland*, or that it was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment.

D.     Motion in Limine

Petitioner states that, during the guilt-innocence phase of trial, the State made reference to the fact that petitioner was already in jail when he was arrested on the aggravated robbery charges.  Petitioner complains that trial counsel should have objected to the reference because it violated the defense's pretrial motion in limine.  In the interest of justice, the Court liberally construes this claim as a challenge to counsel's failure to object to the purportedly inadmissible evidence.

In his affidavit submitted to the state court on collateral review, trial counsel testified, in relevant part, as follows:

> When [Detective] Wright made mention of [petitioner] being in custody before the lineup, I chose not to object as a part of trial strategy.  The prosecutor sought to de-emphasize the witness's response, and I didn't want to bring further notice of the remark by objecting to it in front of the jury.  I felt, however, that it would be prudent to bring the Motion in Limine to the attention of the court and the prosecutor in a bench conference so that it would not happen again.  I did so in a conference at the bench.

*Ex parte Curtis*, pp. 223-24.  In rejecting petitioner's state habeas claims of ineffective assistance of counsel, the trial court found that the facts asserted in trial counsel's affidavit were true and that the totality of the representation afforded petitioner was sufficient to

protect his right to reasonably effective assistance of trial counsel.  *Ex parte Curtis*, p. 228.
The Texas Court of Criminal Appeals relied on this finding in denying habeas relief.

Trial counsel was of the professional opinion that objecting to the witness's remark
would have simply emphasized to the jury the unfavorable fact of petitioner's incarceration.
Petitioner must overcome the presumption afforded counsel by *Strickland* that the challenged
action 'might be considered sound trial strategy.'  466 U.S. at 689.  By arguing only that the
remark was inadmissible and violated the motion in limine, petitioner fails to meet this
burden of proof.  Nor does petitioner establish that, but for counsel's decision not to object,
there is a reasonable probability that the result of his trial would have been different.

The state court denied habeas relief on this issue.  Petitioner fails to show that the state
court's determination was contrary to, or involved an unreasonable application of, *Strickland*,
or that it was an unreasonable determination of the facts based on the evidence in the record.
No basis for habeas relief is shown, and respondent is entitled to summary judgment.

E.    Cell Phone Ownership

Petitioner asserts that trial counsel was ineffective in failing to discover that the actual
owner of the cell phone found at the robbery scene belonged to Demond Nunn.  Petitioner
complains that, had counsel properly investigated the phone's ownership, he could have
shown that it was Nunn, not petitioner, who used the phone during the robbery.

In his affidavit submitted to the state court on collateral review, trial counsel testified,
in relevant part, as follows:

> I hired an investigator, Kenny Rodgers, to help in the defense of this case. He sought to get information about the ownership of the cell phone, but was unable to do so. We found that the cell phone had been issued to Harry Cox and that the address listed for him was bogus. I don't recall or have a record of [petitioner] telling me of anyone named Demond Nunn. Had he done so, I would have had the investigator check out that information.

*Ex parte Curtis*, p. 224. In rejecting petitioner's state habeas claims of ineffective assistance of counsel, the trial court found that the facts asserted in trial counsel's affidavit were true and that:

> 4. Trial counsel (a) unsuccessfully conducted [an] investigation to determine the owner of the cell phone left at the robbery scene and (b) made the decision not to challenge the pre-trial identification procedure because he did not believe it was impermissibly suggestive[.]

> 5. The totality of the representation afforded Applicant was sufficient to protect his right to reasonably effective assistance of counsel in trial and on direct appeal[.]

*Ex parte Curtis*, p. 228. The Texas Court of Criminal Appeals relied on these findings in denying habeas relief.

The record shows that trial counsel investigated ownership of the cell phone, and that his investigation revealed someone other than Damon Nunn as the registered owner. Petitioner presents no probative summary judgment evidence showing that Nunn was the registered owner of the cell phone at the time of the robbery, or that petitioner told trial counsel that Nunn owned the phone. Even assuming Nunn were the actual registered owner of the cell phone, no prejudice is shown, as witnesses testified at trial that petitioner was

14

present at the robbery and had used the cell phone.  Contrary to petitioner's argument, ownership of the cell phone did not dictate the identification of its user at the robbery.

The state court denied habeas relief on this issue.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland*, or that it was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment.

F.      "Jyro Jackson"

Petitioner next claims that trial counsel failed to object to perjured testimony linking him to "Jyro Jackson," a name found stored in the cell phone's directory.   Petitioner complains that, by failing to object, trial counsel allowed the jury to speculate that petitioner and Jyro Jackson were the same individual.

In his affidavit submitted to the state court on collateral review, trial counsel testified, in relevant part, as follows:

> While [Detective] Wright's testimony about his investigation of 'Jyro Jackson' was harmful, I did not think it was objectionable.  I certainly have no reason to believe that it was perjured testimony.  [Detective] Wright was detailing his investigation into the phone numbers found on the cell phone dropped at the scene and how he came in contact with Delton Horrace.  It was Horrace who first mentioned a 'Jyro Jackson.'  I cleared up on cross-examination that no one ever said that [petitioner] and 'Jyro Jackson' were the same person.

*Ex parte Curtis*, p. 224.  In rejecting petitioner's state habeas claims of ineffective assistance of counsel, the trial court found that the facts asserted in trial counsel's affidavit were true and that the totality of the representation afforded petitioner was sufficient to protect his right

15

to reasonably effective assistance of trial counsel. *Ex parte Curtis*, p. 228. The Texas Court of Criminal Appeals relied on this finding in denying habeas relief.

Petitioner presents no probative summary judgment evidence that Detective Wright presented perjured testimony, and his conclusory allegations to the contrary are insufficient to raise a genuine issue of material fact precluding summary judgment. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). Further, trial counsel elicited testimony during cross-examination showing that petitioner and 'Jyro Jackson' were not the same individual, and neither deficient performance nor prejudice are shown.

The state court denied habeas relief on this issue. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland*, or that it was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment.

G.     Right to Testify

Petitioner asserts that trial counsel denied him his right to testify in his own defense at the guilt-innocence phase of trial. He further complains that, "Counsel further threatened [petitioner] that he would withdraw from his defense and tell the judge that [petitioner's] testimony would be false regarding Demond Nunn and the cell phone." (Docket Entry No, 1-4, p. 30.) Petitioner reports that he had intended to take the stand and tell the jury where he was the day of the robbery, identify the cell phone's true owner, and that he, not his mother, owned the house located on Grenshaw Street, but that counsel stopped him.

16

In response to this claim, trial counsel submitted an affidavit to the state court on collateral review, in which counsel testified as follows:

> After [petitioner] was found guilty of Aggravated Robbery, I had the opportunity to discuss with him AGAIN the evidence I anticipated at punishment. We had discussed this before when I explained the plea bargain offers. I told him that the State would be allowed to elicit testimony regarding all of the other cases in which he was charged. I discussed with him his right to testify in his own behalf. I explained that I would question him first and what my questions would be. I also told him that the State would seek to emphasize the violent nature of the other cases and would seek to cast him in the worst possible light. [Petitioner] fully understood the pros and cons of taking the stand. *He even went so far as to ask me if it would help if he testified falsely about the ownership of the cell phone. I told him that I could not knowingly allow him to give perjured testimony. [Petitioner] was fully informed when he made the choice not to testify.*
>
> I never threatened [petitioner] in any way on any subject. *When [he] told me that he was going to offer perjured testimony, I told him I could not allow him to do so.* I told him I wasn't sure what I would have to do, but I thought I might have to inform the court that a conflict of interest of some magnitude had arisen and that I would ask to withdraw from the case. I explained that, if I had to do so, it could have a seriously negative outcome in this case. He told me that he understood, and after further discussion, he elected not to testify.

*Ex parte Curtis*, p. 224 (original and added emphasis). In rejecting petitioner's state habeas claims of ineffective assistance of counsel, the trial court found that the facts asserted in trial counsel's affidavit were true and that the totality of the representation afforded petitioner was sufficient to protect his right to reasonably effective assistance of trial counsel. *Ex parte Curtis*, p. 228. The Texas Court of Criminal Appeals relied on this finding in denying habeas relief.

Petitioner's conclusory allegations are unsupported in the record and presents no probative summary judgment evidence that trial counsel denied him his right to testify.  To the contrary, the record shows that petitioner wanted to present perjured testimony through trial counsel, a strategy in which trial counsel properly refused to participate or condone. Petitioner also wanted to controvert certain statements made by other witnesses, but trial counsel advised against it as petitioner's testimony would have harmed petitioner's defense. The trial court found as true counsel's affidavit testimony that it was petitioner's decision not to testify, and petitioner has not rebutted the presumed correctness of this finding with clear and convincing evidence.

The state court denied habeas relief on this issue.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland*, or that it was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment.

H.    Invocation of Rule

Under this ground, petitioner claims that trial counsel failed to "invoke the Rule" which would have excluded witnesses from hearing testimony of other witnesses prior to their own testimony.

In response to this claim, trial counsel submitted an affidavit to the state court on collateral review, in which counsel testified as follows:

> After a search of the record, I cannot find where either side invoked the Rule. Normally, the Court will inquire whether either side wishes to do so, but this was not done in this case. I don't think that invocation of the Rule would have changed the outcome in this case. I saw no evidence of witness tampering or of witnesses discussing their testimony.

*Ex parte Curtis*, p. 224. In rejecting petitioner's state habeas claims of ineffective assistance of counsel, the trial court found that the facts asserted in trial counsel's affidavit were true and that the totality of the representation afforded petitioner was sufficient to protect his right to reasonably effective assistance of trial counsel. *Ex parte Curtis*, p. 228. The Texas Court of Criminal Appeals relied on this finding in denying habeas relief.

Trial counsel admits that he did not invoke the Rule. Petitioner fails to show that this failure constituted deficient performance. Even assuming this were professional error, petitioner fails to show that, but for counsel's failure to invoke the Rule, there is a reasonable probability that the result of the trial would have been different. This Court's own careful review of the record reveals no prejudice caused by counsel's failure to invoke the Rule. In absence of a showing that he was prejudiced, petitioner does not merit habeas relief.

The state court denied habeas relief on this issue. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland*, or that it was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment.

19

I.     Hearsay

According to petitioner, trial counsel denied him effective assistance by repeatedly failing to object to Detective Wright's hearsay testimony regarding Delton Horrace and "Jyro Jackson" and to other hearsay statements presented during guilt-innocence.  Petitioner does not direct this Court to any specific portions of the record in support of his argument in either his federal petition (Docket Entry No. 1, p. 32) or his response to the motion for summary judgment.  To the contrary, petitioner asks the Court to "review the entire record" for the alleged errors because the errors "continued from the genesis throughout punishment."  He "respectfully direct[s] the Court to the record" because with "multiplicious (sic) hearsay issues [it] is impossible to include [everything]" in his pleadings.  *Id*., pp. 32-33.

This Court declines petitioner's invitation to review the entire record to discover factual support for his argument.  It is petitioner's burden to present this Court with viable grounds for habeas relief and support them with evidence in the record.  Although the Court affords a *pro se* litigant's pleadings a liberal construction under *Haines v. Kerner*, 404 U.S. 519, 520 (1972), it is not the Court's duty to construct those pleadings for the litigant.  Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient," *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993), and *pro se* litigants are required to provide sufficient facts in support of their claims.  *Id*.  Petitioner has not done so in the instant case.

Regardless, trial counsel stated in his affidavit that he objected several times to the hearsay testimony of Detective Wright, and was variously sustained and overruled. Counsel testified further that, "As the testimony went forward, I decided that my continued objections would serve only to alienate the jury and I felt that I could and that I did set matters straight on cross." *Ex parte Curtis*, p. 224. In rejecting petitioner's state habeas claims of ineffective assistance of counsel, the trial court found that the facts asserted in trial counsel's affidavit were true and that the totality of the representation afforded petitioner was sufficient to protect his right to reasonably effective assistance of trial counsel. *Ex parte Curtis*, p. 228. The Texas Court of Criminal Appeals relied on this finding in denying habeas relief.

Petitioner presents no probative summary judgment evidence in support of this claim, and fails to rebut the presumed correctness of the trial court's findings by clear and convincing evidence. Nor does he show that trial counsel's strategy was unreasonable under the circumstances, or that, but for counsel's actions, there is a reasonable probability that the result of the trial would have been different. Consequently, petitioner establishes neither deficient performance nor prejudice under *Strickland*.

The state court denied habeas relief on this issue. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland*, or that it was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment.

J.      Incorrect testimony

Petitioner complains that trial counsel failed to correct certain misstatements made by witnesses at trial.  In particular, petitioner asserts that counsel failed to correct Detective Wright's perjured testimony that a house on Grenshaw Street belonged to petitioner's mother; petitioner told trial counsel that the house belonged to him.

In his affidavit submitted to the trial court on collateral review, trial counsel testified, in relevant part, as follows:

> I have no reason to believe that [Detective] Wright's testimony was perjury or even that he was mistaken.  I chose not to question [Detective] Wright on the subject at all.  It was and is my belief that to have done so – especially *to tell the jury that the home on Grenshaw belonged to [petitioner]  – would have been highly prejudicial to [petitioner's] case*.  It was to that address that [Detective] Wright's investigation led based on the information given him by Delton Horrace.  Any distance that I could introduce between [petitioner] and the Grenshaw address, I felt, was favorable to his defense.

*Ex parte Curtis*, p. 224 (original and added emphasis).  In rejecting petitioner's state habeas claims of ineffective assistance of counsel, the trial court found that the facts asserted in trial counsel's affidavit were true and that the totality of the representation afforded petitioner was sufficient to protect his right to reasonably effective assistance of trial counsel.  *Ex parte Curtis*, p. 228.  The Texas Court of Criminal Appeals relied on this finding in denying habeas relief.

Petitioner presents no probative summary judgment evidence showing that Detective Wright's testimony regarding ownership of the house was mistaken or perjured.  Nor does

petitioner establish that, even assuming Detective Wright's testimony were wrong, that trial counsel's reason for not correcting the error was not reasonable trial strategy. Moreover, petitioner fails to demonstrate that, but for trial counsel's failure to correct any mistaken testimony, there is a reasonable probability that the result of his trial would have been different. In short, petitioner proves neither deficient performance nor prejudice under *Strickland*.

The state court denied habeas relief on this issue. Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland*, or that it was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment.

K.     Extraneous Offense Evidence at Punishment

Petitioner complains that trial counsel failed to object to the hearsay testimony of two court employees regarding his testing positive for the illegal drug PCP. He further argues that trial counsel failed to object to the inadmissible and "bogus" testimony of Deputy Dianna Murr at punishment that petitioner was found with a large amount of cash tainted with cocaine near a weighing scale that had visible cocaine residue.

In rejecting these claims on direct appeal, the state court of appeals held as follows:

A.     Testimony of the Trial-Court Clerk, Joleen Eller

Appellant argues that trial counsel was ineffective because he did not object to the testimony of Joleen Eller, the trial-court clerk, who testified to appellant's extraneous bad act of having forfeited bond. Eller testified that, in

23

June 2002, appellant impermissibly left before checking back with the court for a case reset after having given a 'rapid drug screen test'; in so testifying, Eller stated (as the docket sheet partially reflected) that appellant had tested positive for PCP during the test. Counsel had no objection to Eller's testimony or to the docket sheet and reset form evidencing same. Appellant claims that counsel should have objected on the ground that no qualified expert testimony supported the positive PCP result and that the testimony was hearsay because someone else had performed the tests.

The record is silent on counsel's strategy in not objecting to this evidence, and to guess that strategy in hindsight would require speculation. However, we note that it appears, based on counsel's questioning and closing argument, that counsel himself used the docket sheet, reset form, and Eller's testimony to show that appellant had complied with several court orders. For example, appellant appeared, as ordered, in May 2002 to have his case reset for jury trial; appellant complied with the May 2002 reset order by again appearing, on time, before the court in June 2002 for docket call; and appellant further complied with the court's order to give a rapid drug screen test, even though he failed to return to the court after that test. The point of counsel's questioning appears to have been that appellant followed all but one of the orders given him in that time period. Counsel also obtained Eller's admission that she could not specifically recall the court's having instructed appellant to return after the drug test, although she testified that the court normally instructed defendants to do so. Additionally, counsel might have known or suspected that the State could call a chemist to testify about the test result if counsel had objected to Eller's testimony. Given this record, we cannot say that, assuming that Eller's mention of the rapid drug test result was inadmissible, this is one of those 'rare cases' in which counsel's performance can be evaluated in hindsight absent a record of his strategy.

B.    Testimony of the Harris County Court Services Pretrial Officer, Melanie Wright

Appellant also asserts that trial counsel was ineffective for not objecting to the testimony of Melanie Wright, a Harris County Court Services pretrial officer, who testified to appellant's positive result for the rapid drug screen test to which Eller had testified immediately before. Counsel had no objection either to Wright's testimony or to the written drug screen sheet that was admitted during her testimony. Appellant again asserts that counsel should have

objected on the ground that no qualified expert testimony supported the positive PCP test result and that the testimony was hearsay.

Once again, the record is silent on counsel's strategy in not objecting to this evidence. Moreover, assuming that Wright's testimony was inadmissible, counsel may well have realized that, because Eller had already testified to the PCP results, an objection to Wright's similar testimony would likely not have prevailed. And, as discussed above, counsel may have allowed in all of Eller's testimony, as well as the docket sheet from which she testified, even though they showed a positive test result because he wanted to show that appellant had complied with several court orders from the same time period. Also as before, counsel may have anticipated that the State could have provided a chemist to testify to the test result had counsel objected. This is simply not one of those rare cases in which we may evaluate counsel's performance without knowing his actual strategy.

*    *    *    *

D.     Testimony of Harris County Deputy Sheriff Dianna J. Murr

Appellant also asserts that trial counsel was deficient in not objecting to the testimony of Deputy Murr, who, upon stopping appellant for a traffic violation, found a large amount of cash in his car and a scale in the open garage near where the car had been parked. Specifically, Deputy Murr testified that another officer had field-tested the cash, that she had field-tested the scale, and that both items had field-tested positive for cocaine. Counsel cross-examined the deputy about the stop, detention, pat-down, and search, but did not object to the testimony concerning the field-test results.

Appellant argues that counsel should have objected on the ground that no qualified expert testimony supports the positive cocaine results and that the testimony is hearsay to the extent that it concerns a field test that another officer had performed. Again, nothing shows counsel's reasons for not objecting. Counsel also addressed the deficiency in the State's proof by requesting, during the charge conference, that the court [direct a verdict of not proven] concerning the extraneous offense of cocaine possession arising from this incident because a qualified expert had not testified that the substances were cocaine. The trial court overruled that request. Additionally, during closing argument, counsel asked the jury not to consider the extraneous

offense of cocaine possession because 'there was [no] evidence there was any cocaine on the scale' because 'there wasn't a chemist up there.  That's the way that those cases are proven.'  Finally, counsel might have anticipated that the State could have provided a chemist to testify to the test results had counsel objected.  Again, this is not one of those rare cases in which we may evaluate counsel's performance without knowing his strategy.

Moreover, with respect to all four challenged omissions of trial counsel, we note that counsel represented appellant vigorously throughout guilt-innocence and punishment.  He continuously pursued appellant's alibi theory, both through cross-examination and direct testimony; he presented two witnesses to support that defensive theory; he vigorously cross-examined most witnesses in both parts of the trial; he raised objections to the State's witnesses and took an expert on voir dire; and he presented a cogent closing argument at punishment that presented appellant's theories and downplayed appellant's multiple extraneous offenses.  Counsel is generally to be judged by the totality of his representation, not by isolated acts or omissions.

*Curtis*, at *4-6 (citations and footnotes omitted).

In his affidavit submitted to the trial court on collateral review, trial counsel testified,

in relevant part, as follows:

I believe that the testimony of Joleen Eller, if hearsay, was subject to the business records exception to the hearsay rule.  She is the head clerk of the 180th District Court and was called to testify to matters in the court's file concerning this cause.  Melanie Wright, a pre-trial services officer, was called in punishment to testify to matters in the records of that agency as a custodian of the records.  Her testimony, if hearsay, I believe was a business records exception to the hearsay rule.  It was and is my belief that the testimony of both Ms. Eller and Ms. Wright was permitted in punishment pursuant to Article 37.07 of the Texas Code of Criminal Procedure.

I believe that the testimony of Deputy Murr in punishment was permissive under the rules, but I sought to undermine the testimony on cross-examination.  I was aggressive and forceful and was admonished several times by the court.  The court apparently felt I was being 'argumentative' with Deputy Murr and I certainly was aggressive in my efforts to show the jury the conclusory nature

26

> of her observations at the time she found the cash and drug scale.  I felt that
> her testimony was bogus and that I could show that to the jury in cross.

*Ex parte Curtis*, pp. 224-225.  In rejecting petitioner's state habeas claims of ineffective

assistance of counsel, the trial court found that the facts asserted in trial counsel's affidavit

were true and that the totality of the representation afforded petitioner was sufficient to

protect his right to reasonably effective assistance of trial counsel.  *Ex parte Curtis*, p. 228.

The Texas Court of Criminal Appeals relied on this finding in denying habeas relief.

Trial counsel was of the professional opinion that the court employees' testimony was

admissible as an exception to the hearsay rule.  Petitioner presents no applicable state law

authority to the contrary.  Even assuming error on the part of trial counsel in this regard, the

state court of appeals determined that petitioner was not prejudiced, as follows:

> Additionally, we note that, for reasons in addition to those set out above, the
> record does not show that a reasonable probability exists that, but for the
> complained-of omissions, the trial's result would have been different.  The
> punishment range was 5 to 99 years plus a possible $10,000 fine without the
> enhancement paragraph, and it was 15 to 99 years plus a possible $10,000 fine
> with the enhancement paragraph.  Appellant received 65 years in prison and
> no fine.  The State adduced evidence – in addition to the evidence proving the
> enhancement allegation of robbery and the cocaine and PCP incidents
> concerning which appellant contends that his counsel was ineffective – that
> appellant had sexually assaulted a minor, committed burglary of a habitation,
> choked and pushed a jail guard, forfeited bail, and violated environmental laws
> by allowing gasoline to flow down a street drain, all within approximately four
> years.  Additionally, the aggravated robbery offense for which appellant was
> tried was violent: there were at least five victims, the perpetrators repeatedly
> shocked their victims with stun guns, the perpetrators held guns to or at the
> victims' heads and threatened to shoot them, one of the perpetrators forced [a
> victim's] head down with a gun and cut his head, and the victims feared for
> their life.  Given these facts, there is not a reasonable probability that the trial's

27

outcome would have been different if counsel had objected as appellant now claims that counsel should have.

*Curtis*, at *6 (citations omitted).  Petitioner presents no cogent argument and no probative evidence disputing this determination, and establishes neither deficient performance nor prejudice under *Strickland*.

The state court denied habeas relief on this issue.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland*, or that it was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment.

L.      Sexual Assault Hearsay at Punishment

Petitioner complains that trial counsel failed to object to Officer Stephen Hein's inadmissible hearsay testimony during punishment regarding petitioner's sexual assault of a child.

In rejecting this claim on direct appeal, the state court of appeals held as follows:

C.      Testimony of Houston Police Department Officer Stephen Hein

Appellant further complains that trial counsel did not object to part of the testimony of Houston Police Department Officer Hein, who testified about appellant's sexual assault of a minor, D.M., in July 2000.  Specifically, appellant asserts that counsel should have objected when Officer Hein testified that D.M. told him that appellant had had sexual intercourse with her against her will.  This is hearsay, but appellant has failed to show that counsel was deficient or that the trial's outcome would have differed.  First, counsel may have known that the State would later present D.M. to testify to the sexual assault, rendering any hearsay objection moot.  Therefore, because we have no record of counsel's strategy, we cannot say that counsel was necessarily

28

deficient in not objecting.  More importantly, D.M.'s later testimony about the sexual assault, which is not hearsay and which is far more detailed than the officer's statements, shows that there is not a reasonable probability that the trial's outcome would have been different had counsel objected.

*Curtis*, at *1 (citations omitted).

Petitioner also raised this claim on state collateral review.  In his affidavit submitted to the state court on collateral review, trial counsel testified, in relevant part, as follows:

Officer Hein's testimony regarding the extraneous sexual assault was harmful, but I felt it was a proper inquiry at punishment.  I made several hearsay objections to this testimony, without success.

*Ex parte Curtis*, p. 224.  In rejecting petitioner's state habeas claims of ineffective assistance of counsel, the trial court found that the facts asserted in trial counsel's affidavit were true and that the totality of the representation afforded petitioner was sufficient to protect his right to reasonably effective assistance of trial counsel.  *Ex parte Curtis*, p. 228.  The Texas Court of Criminal Appeals relied on this finding in denying habeas relief.

Petitioner fails to demonstrate that, under the circumstances, trial counsel was deficient in failing to object to the hearsay testimony or that, but for counsel's failure to object, there is a reasonable probability that the result of the trial would have been different. Even assuming Officer Hein's testimony regarding the sexual assault offense were hearsay, the sexual assault complainant later testified in person regarding the details of the offense. Moreover, trial counsel testified that his hearsay objections to Officer Hein's testimony were overruled by the trial court.

29

The state court denied habeas relief on this issue.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland*, or that it was an unreasonable determination of the facts based on the evidence in the record.  No basis for habeas relief is shown, and respondent is entitled to summary judgment.

### *Brady Violation*

Petitioner contends that the State suppressed evidence of the identity of the owner of the cell phone recovered at the scene of the robbery offense, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  To establish a *Brady* violation, a petitioner must show that the State suppressed evidence favorable and material to the defense and that the discovery of the evidence was not the result of a lack of due diligence on the part of the defense.  *Id*. at 87.

In rejecting petitioner's *Brady* claim and denying habeas relief, the state court expressly found as follows:

> 2.　　Applicant fails to show that the State suppressed *Brady* evidence since the information concerning the cell phone left at the robbery scene was available to Applicant[.]

*Ex parte Curtis*, p. 228 (citation omitted).  The Texas Court of Criminal Appeals relied on this finding in denying habeas relief.

In his affidavit submitted to the state court on collateral review, trial counsel testified in relevant part as follows:

> I hired an investigator, Kenny Rodgers, to help in the defense of this case.  He
> sought to get information about the ownership of the cell phone, but was
> unable to do so.  We found that the cell phone had been issued to Harry Cox
> and that the address listed for him was bogus.  I don't recall or have a record
> of [petitioner] telling me of anyone named Demond Nunn.  Had he done so,
> I would have had the investigator check out that information.

*Ex parte Curtis*, p. 224.

At trial, the State's witness testified that the cell phone was registered to an individual named Harry Cox.  R.R., Vol. 3, p. 44.  Petitioner presents no probative evidence, and none appears in the record, that the State knew that someone other than Harry Cox owned the cell phone or, in particular, that the State knew the phone belonged to someone named Demond Nunn.  In short, petitioner fails to establish a *Brady* violation.  His conclusory allegations to the contrary are insufficient to raise a genuine issue of material fact precluding summary judgment.  *Koch,* 907 F.3d at 530.

The state court denied habeas relief under this issue.  Petitioner fails to show that the state court's determination conflicts with established federal law or is objectively unreasonable, and he fails to rebut the presumption of factual correctness with clear and convincing evidence.  *See Miller-El*, 537 U.S. at 330-31, 343; 28 U.S.C. §§ 2254(d)(1), (2), (e)(1).  No basis for habeas relief is shown, and respondent is entitled to summary judgment.

### *Unduly Suggestive Identification Procedure*

Petitioner claims that the "identification procedure" used in his case was unduly suggestive and violated his constitutional rights.  In rejecting petitioner's claim and denying habeas relief, the state court expressly found as follows:

> 3.    Applicant's challenge to the suggestiveness of the identification procedure should not be considered on habeas since this challenge is a 'record claim' and should have been presented on direct appeal.

*Ex parte Curtis*, p. 228 (citation omitted).  The Texas Court of Criminal Appeals relied on this finding in denying habeas relief.

Under these circumstances, petitioner's challenge to the identification process has been procedurally defaulted and is barred from consideration by this Court.  *See Coleman v. Thompson*, 501 U.S. 722, 735 (1991); *Brewer v. Quarterman*, 466 F.3d 344, 357 (5th Cir. 2006).  Petitioner argues, however, that his procedural default should be excused because the default was due to ineffective assistance of counsel.  He claims that, had appellate counsel challenged the police officers' identification and investigation procedures used in investigating the underlying robbery offense, there is a reasonable probability that his conviction would have been reversed on appeal.  Accordingly, petitioner must establish that appellate counsel was ineffective in failing to challenge petitioner's identification procedure.

To prevail on this claim, petitioner must show that, but for counsel's failure to raise the issue on appeal, there is a reasonable probability that the result of the appeal would have

been different.  In other words, petitioner must here prove that his identification procedure was unconstitutionally suggestive.  In this regard, he fails.

Petitioner asserts that the State's investigative procedures were so impermissibly suggestive and improper that they tainted the identification procedure.  (Docket Entry No. 1, p. 8.)  In support, he refers the Court to his state habeas application and memorandum. Within his state application and memorandum, petitioner does nothing more than assert in conclusory terms that Detective Wright's investigation was so suggestive of petitioner as to have created false evidence and testimony, denying him due process and a fair trial:

> [Petitioner] contends that suspicion focused upon him immediately after Detective Sonny Wright was misled regarding the ownership of the cell phone left at the crime scene by Demond Nunn, one of the robbers.  The detective traced a phone number to [petitioner's] residence that allegedly was made by him.  The [S]tate suppressed a number of issues regarding this cell phone and the witnesses it used in asserting this frivolous information.  The police never linked the phone to [petitioner], and never investigated his alibi.  Because [petitioner] had been placed in jail on unrelated charges, the police simply assumed that he was implicated in the charge.

*Id.*, p. 42.

It is clear that petitioner does not agree with the direction taken by police in their investigation of the crime, and faults the investigation for directing the officers to him rather than to other possible suspects.  It is equally clear, however, that his disagreement with the direction and results of that investigation do not set forth an issue of constitutional dimension.  His conclusory claims of denials of due process and a fair trial are unsupported by probative summary judgment evidence demonstrating any such denials, and are

33

insufficient to raise a genuine issue of material fact precluding summary judgment. Accordingly, petitioner fails to show that, but for appellate counsel's failure to challenge the identification procedures utilized by the police, there is a reasonable probability that the result of his appeal would have been different. Likewise, petitioner fails to show the prejudice necessary to excuse his procedural default of the issue. Regardless, and for the reasons already expressed, petitioner fails to demonstrate any unconstitutionally suggestive identification procedure that caused him the denial of due process or a fair trial, and his claims fail on the merits.

Respondent is entitled to summary judgment dismissing this issue.

### Ineffective Assistance of Appellate Counsel

Persons convicted of a crime also are entitled to effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387 (1985). This Court reviews counsel's appellate performance under the *Strickland* standards. *See Goodwin v. Johnson*, 132 F.3d 162, 170 (5th Cir. 1998). Petitioner must allege and present facts showing that his appellate counsel's representation was deficient and that the deficient performance caused him prejudice. That is, petitioner must show that, but for appellate counsel's deficient performance, the outcome of the appeal would have been different. *See Strickland*, 466 U.S. at 687-88, 692; *Jones v. Jones*, 163 F.3d 285, 300 (5th Cir. 1998). Effective assistance of appellate counsel does not mean that counsel will raise every available nonfrivolous ground for appeal. *Evitts*, 469 U.S. at 394; *West*, 92 F.3d at 1396. Nor will counsel be deficient for failing to press a frivolous

34

point.  Rather, it means, as it does at trial, that counsel performs in a reasonably effective manner.  *Evitts*, 469 U.S. at 394.  A reasonable attorney has an obligation to research relevant facts and law and make informed decisions as to whether avenues will, or will not, prove fruitful.  *Strickland*, 466 U.S. at 690-91.

Petitioner claims that appellate counsel was ineffective in failing to argue the issues raised in the instant proceeding, several of which issues he claims are "dead-bang winners" that would have resulted in reversal of the conviction on appeal.  Although petitioner does not identify with any particularity these "dead-bang winners," he does claim that, had appellate counsel raised on appeal he issues raises in this habeas proceeding, his conviction would have been reversed.

In rejecting petitioner's claim of ineffective assistance of appellate counsel, the state court on collateral review expressly found as follows:

> 5.    The totality of the representation afforded Applicant was sufficient to protect his right to reasonably effective assistance of counsel in trial and on direct appeal[.]

*Ex parte Curtis*, p. 228.  The Texas Court of Criminal Appeals relied on this finding in denying habeas relief.

This Court has not found merit to any of the potential appellate issues raise by petitioner in the instant petition.  Consequently, petitioner cannot show that, but for appellate counsel's failure to raise these meritless issues on appeal, there is a reasonable probability

that the result of his appeal would have been different.  Neither deficient performance nor prejudice are shown.

The state court denied habeas relief on this issue.  Petitioner fails to show that the state court's determination was contrary to, or involved an unreasonable application of, *Strickland*, or that it was an unreasonable determination of the facts based on the evidence in the record. No basis for habeas relief is shown, and respondent is entitled to summary judgment.

### *Evidentiary Hearing*

Petitioner claims that he is entitled to an evidentiary hearing before this Court because he was not provided a "full and fair" fact finding hearing regarding his habeas claims at the state court level.

Under the AEDPA, evidentiary hearings are granted only if a petitioner's claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence" and "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense."  28 U.S.C. § 2254(e)(2).

Here, petitioner presents only conclusory allegations and fails to show how any of his claims rely on either a "new rule of constitutional law" or "a factual predicate that could not have been previously discovered through the exercise of due diligence."  28 U.S.C. §

36

2254(e)(2)(A).  Petitioner also fails to show, with non-conclusory allegations, how the facts underlying his claim would be able to "establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying cause."  28 U.S.C. § 2254(e)(2)(B).  Nor does petitioner explain how the state court's findings were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or were "based on an unreasonable determination of the facts in light of the evidence[.]"  28 U.S.C. § 2254(d).

To merit an evidentiary hearing in this Court, petitioner must structure his argument pursuant to the requirements outlined by the AEDPA.  Petitioner's generic motion fails to do so, and he is not entitled to an evidentiary hearing as his claims are merely "conclusory allegations unsupported by specifics" or "contentions that in the face of the record are wholly incredible."  *Young v. Herring*, 938 F.2d 543, 560 n.12 (5th Cir. 1991).  Petitioner's conclusory allegations are insufficient to state a constitutional claim and, therefore, his claims fall short of fulfilling the requirements set out in the AEDPA.  *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982).  The Court has been able to determine the merits of petitioner's habeas claims on the basis of the record before it, and petitioner is not entitled to an evidentiary hearing.

### *Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 12) is GRANTED. The petition for a writ of habeas corpus is DENIED, and this case is DISMISSED WITH PREJUDICE.  A certificate of appealability is DENIED.  Any and all pending motions are DENIED AS MOOT.

The Clerk will provide copies of this order to the parties.

Signed at Houston, Texas, on June 28, 2010.

_____
Gray H. Miller
United States District Judge

38